DA 08-0543

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 360N

WILLIAM H. WALTON and
THEODORA D. WALTON,
husband and wife,

        Plaintiffs and Appellees,

    v.

CITY OF WHITEFISH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV 2006-542(B)
                    Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                James M. Ramlow (argued), Kaufman, Vidal, Hileman & Ramlow,
                P.C., Whitefish, Montana

        For Appellees:

                Sean S. Frampton (argued), Morrison & Frampton, PLLP,
                Whitefish, Montana

                        Argued:  July 9, 2009
                  Submitted:  August 4, 2009
                  Decided:  October 27, 2009

Filed:

                       _____
                                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     The City of Whitefish (the City) appeals various rulings by the Eleventh Judicial District Court issued during and after a jury trial in which plaintiffs William and Theodora Walton (the Waltons) prevailed. We affirm.

## ISSUES

¶2     A restatement of the issues on appeal is:

¶3     Did the District Court err in denying the City's M. R. Civ. P. 50(b) (Rule 50) motion for judgment as a matter of law?

¶4     Did the District Court improperly award attorney fees to the Waltons under 42 U.S.C. § 1988 (§ 1988)?

¶5     Did the District Court improperly permit a witness to testify who had been present in the courtroom despite an order excluding witnesses during testimony?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     We present a brief summary of the facts as we decide this case on legal grounds exclusively. The Waltons bought three lots on Whitefish Lake in September 2005. These lots were part of a previously-approved subdivision. Some of the slopes on the lots exceeded 30%. After the Waltons purchased this land, the City passed a temporary and "urgent" ordinance prohibiting building on lots with 30% slopes in an effort to address perceived problems with storm water and groundwater. To avoid possible "takings" claims, the ordinance included a "reasonable use exemption" (RUE). The ordinance did not provide any criteria, however, for the issuance of a RUE. The City's Planning Director, Robert Horne, was the ultimate authority on RUE issuance. After the Waltons

2

submitted their site plan, Horne denied their application for an exemption despite having issued RUEs to two nearby landowners for construction of homes on 30% slopes.

¶7    The Waltons sued alleging, among other things, discrimination by the City and its Planning Director, and requested a jury trial. At the close of presentation of the Waltons' case, the City moved for a directed verdict. It argued that the Waltons had presented no evidence that the City or Horne had treated the Waltons differently from other similarly-situated persons or that the City had granted a building permit to anyone to build on the 30% slope portion of their property if a less inclined building site was available. The District Court denied the motion. On June 29, 2007, the jury returned a verdict in favor of the Waltons concluding that the City had violated the Waltons' right to equal protection under 42 U.S.C. § 1983 (§ 1983). It awarded $300,000 in damages to the Waltons.

¶8    The Waltons moved for attorney fees under § 1988 and the District Court granted the motion. In May 2008, while awaiting a hearing on costs and fees, the City renewed its motion for judgment after the trial, arguing that the City was not responsible for Horne's actions under the theory of respondeat superior. The District Court denied the motion. Following a hearing on June 3, 2008, the District Court awarded the Waltons attorney fees and costs in the amount of $99,945.38.

¶9    The City appeals the court's denial of its Rule 50 motion for judgment after the trial, its granting of the motion for costs and fees, and its ruling on witness testimony.

## STANDARDS OF REVIEW

3

¶10     This Court's standard of review of appeals from district court orders granting or denying motions for judgment as a matter of law is the same as that of the district court— judgment as a matter of law is properly granted only when there is a complete absence of any evidence which would justify submitting an issue to a jury and all such evidence and any legitimate inferences that might be drawn from that evidence must be considered in the light most favorable to the party opposing the motion. *Marie Deonier v. Paul Revere Life Ins. Co.*, 2004 MT 297, ¶ 18, 323 Mont. 387, 101 P.3d 742 (internal citations omitted).

¶11     Although the power to award attorney fees under § 1988 is discretionary, a prevailing plaintiff in a § 1983 claim should ordinarily recover attorney fees unless special circumstances would render such an award unjust." *Kiely Const. L.L.C. v. City of Red Lodge*, 2002 MT 241, ¶ 50, 312 Mont. 52, 57 P.3d 836 (citations omitted).

¶12     We review a district court's interpretation of a statute to determine if the district court's conclusions are correct. *Payne v. Knutson*, 2004 MT 271, ¶ 14, 323 Mont. 165, 99 P.3d 200.

### DISCUSSION

¶13     *Did the District Court err in denying the City's Rule 50(b) motion for judgment as a matter of law?*

¶14     As noted above, at the close of the plaintiffs' evidence at trial, the City moved for a Rule 50 directed verdict arguing that the Waltons presented no evidence of disparate treatment by the City between the Waltons and other similarly-situated persons. The District Court denied the motion, concluding that sufficient evidence had been presented

to the jury that could allow the jurors to find disparate treatment. Approximately 11 months later, the City filed a renewed Rule 50 motion, arguing that it was not responsible for the actions of its Planning Director under the theory of respondeat superior; therefore, it was not liable for any damages premised upon its Director's violation of the Waltons' rights. The District Court also denied this motion, holding that "[a] party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *In re M.A.L.*, 2006 MT 299, ¶ 57, 334 Mont. 436, 148 P.3d 606.

¶15 The District Court correctly interpreted the applicable Rule 50 law. The record indicates that the City raised this respondeat superior argument for the first time nearly one year after the trial had concluded. It was not raised in any trial brief, the City did not offer jury instructions pertinent to this legal theory, nor did it object to the Waltons' instructions on the City's burden of proof which did not include any reference to respondeat superior. As a result, the jury was presented with no evidence, argument, or instructions pertaining to respondeat superior, and did not have the opportunity to rule on it. For these reasons, we will not disturb the court's ruling, and decline to address the merits of the issue.

¶16 *Did the District Court improperly award attorney fees to the Waltons under 42 U.S.C. § 1988?*

¶17 As noted above, attorney fees are properly awarded to the prevailing plaintiff in a § 1983 claim. *Keily*, ¶ 50. In the case before us, the District Court specifically found that the Waltons prevailed in their § 1983 claim and the City did not challenge this finding on

5

appeal. As such, and having found no special circumstances to render such as award unjust, the District Court properly granted attorney fees and costs to the Waltons. Moreover, there was no showing that the court improperly calculated the fees using the appropriate lodestar method. *Edwards v. Cascade County*, 2009 MT 229, ¶ 18, 351 Mont. 360, 212 P.3d 289. Therefore, we affirm the District Court's ruling on costs and fees.

¶18 *Did the District Court improperly permit a witness to testify who had been present in the courtroom despite an order excluding witnesses during testimony?*

¶19 The City argues that the District Court erred in allowing a sworn witness to remain in the courtroom after his initial testimony only to later testify on rebuttal, inasmuch as other witnesses had been excluded from the courtroom. The District Court denied the contemporaneous objection on the ground that the court's exclusion order did not apply to rebuttal witnesses nor does M. R. Evid. 615 (Rule 615) expressly provide for exclusion of rebuttal witnesses. The District Court interpreted Rule 615 in accordance with previous rulings; therefore we do not find error. *See e.g. State v. Close*, 191 Mont. 229, 244, 623 P.2d 940, 948.

¶20 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, this decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

## CONCLUSION

¶21     For the foregoing reasons, we affirm.


                                    /S/ PATRICIA O. COTTER


We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS